CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 10 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:05CR00001 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| THEODORE ROBERT GODFREY, | ) | |
| | ) | |
| Defendant, | ) | By:  B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Superseding Indictment charging defendant in Count One, with knowingly conspiring to distribute, and to possess with intent to distribute, more than 5 kilograms a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and in Count Thirteen, with knowingly and intentionally distributing, or possessing with the intent to distribute, a measurable quantity of a mixture or substance containing cocaine, a Schedule II narcotic substance, in violation of 21 U.S.C. § 924(c). With respect to Count Thirteen, the Grand Jury also made a special finding that, for purposes of relevant conduct, specific offense characteristic, and/or basis for upward departure, the defendant shall be held responsible, as reasonably foreseeable within the scope of the conspiracy, for more than 5 kilograms of cocaine, a Schedule II narcotic substance, as set forth in United States Sentencing Guidelines § 2D1.1(b)(1). On April 27, 2005, a plea hearing was conducted before the

undersigned, and the defendant entered a plea of guilty to the lesser included offenses of both Counts One and Thirteen.[1]

At this hearing the defendant was placed under oath and testified that his full legal name is Theodore Robert Godfrey, that he was born on February 5, 1970, and that he received his GED. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. Defendant stated that he was subject to no other physical or mental condition that would impair his ability to understand the nature of the proceedings being held, the nature of the charges against him or the consequences of pleading guilty to those charges. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to these offenses.

The defendant testified that he had received a copy of the Superseding Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the terms of the agreement and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and that he was waiving his right to have a jury determine beyond a reasonable doubt the

---

[1] The lesser included offenses of Counts One and Thirteen are lesser only with respect to drug weight.

facts alleged in the lesser included offenses of Counts One and Thirteen, including any facts related to sentencing.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises other than those contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his plea is accepted, he will be adjudged guilty of such offenses. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100 per count of conviction, for a total of $200, and that, at the discretion of the court, he may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862, for a period of years or indefinitely, as set forth in the plea agreement. The defendant stated that he consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or illegal contraband seized by any law enforcement agency from his possession or from his direct or indirect control. The defendant further stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

The defendant was informed that the maximum possible penalty provided by law for the

offenses with which he is charged is, in the case of both Count One and Count Thirteen, life imprisonment and a $4 million fine, together with supervised release, for each count. The defendant also was informed that the statutory minimum sentence for both Count One and Count Thirteen, as charged in the Superseding Indictment, is ten years imprisonment, together with supervised release, for each count. The defendant was then informed that the maximum possible penalty for the lesser included offenses of both Count One and Count Thirteen to which he is pleading guilty is twenty years in prison and a $1 million fine together with supervised release, for each count, and that no minimum mandatory penalty attaches to the lesser included offenses. The defendant was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have an opportunity to challenge the reported facts and the application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney has given him and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant stated that he agreed that, for purposes of USSG §§ 2D1.1 and 1B1.3, he

should be held responsible for more than 50 grams and less than 100 grams of cocaine. The defendant acknowledged, however, that the matter of drug weight is a factual matter to be determined by the court. The defendant testified that he understood that, pursuant to USSG §§ 3b1.1 3B1.2, a maximum of four sentencing points may be added to or subtracted from his sentencing level depending on the degree to which he organized, led, managed or supervised criminal activity involving multiple participants. He stated, however, that the government and he agreed that his base offense should not be enhanced or diminished based upon his role in the offense. The defendant further stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a) for acceptance of responsibility and a one-level (1) reduction pursuant to USSG § 3E1.1(b) because he meets the listed criteria. The defendant also stated that he understood that the government is under no obligation to file a motion for substantial assistance, but that to the extent the government does exercise such discretion in this regard, he must provide such assistance in a manner set forth in the plea agreement. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel;
4. The right to see, hear and cross-examine witnesses;

5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
6. The right to decline to testify unless he voluntarily elected to do so in her own defense;
7. The right to a unanimous guilty verdict;
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also testified that he understood the possible consequences of his plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to the lesser included offenses of Counts One and Thirteen of the Superseding Indictment.

## THE GOVERNMENT'S EVIDENCE

The defendant waived his right to have the government's Factual Summary read in open court and accepted said Summary in its entirety. The Factual Summary having been filed in open court, the evidence presented therein regarding the offenses charged is as follows:

On May 17, 2004 the ATF and DEA On May 17, 2004, the ATF and DEA were contacted by a source of information that stated William Russell Carroll, a/k/a "Tony" was involved in buying, using and selling cocaine in and around the Winchester, VA area. The source of information further stated that Carroll was looking to hire a "hit man" to kill his girlfriend's husband who resides in Cumberland, Maryland. During the murder-for-hire investigation, Carroll told the ATF undercover agent that he had a good and reliable source for cocaine. Subsequently, the undercover

-6-

Case 5:05-cr-00001-GEC-BWC   Document 229   Filed 05/10/05   Page 6 of 9   Pageid#: 577

made a series of controlled purchases of cocaine from Carroll. The investigation revealed that Carroll's primary sources for cocaine were Charles Currington and John Sherman Floyd who were, in turn, supplied by Woodward. Additionally, the defendant, Theodore Robert Godfrey, was also being supplied with cocaine by Woodward and Currington.

## Count One

The defendant was a member of a cocaine distribution conspiracy. The defendant's direct regular suppliers of cocaine were Charles Currington and Richard Woodward, who was in turn, supplied by other members of the conspiracy. The defendant would, in turn, resell the cocaine.

On January 05, 2005, the defendant was stopped and identified based on his involvement with this conspiracy. After cocaine was found in the defendant's vehicle he was arrested. The defendant was advised of his Miranda rights which he waived and admitted to investigators that he had purchased that cocaine from Woodward and Currington. The defendant stated that he had previously purchased a total of 2 ounces of cocaine which he sold to others to supplement his income.

## Count Thirteen

On January 05, 2005, an undercover agent contacted Carroll to arranged a controlled purchase of 3 ounces of cocaine. Carroll then contacted Currington who, in turn, contacted Woodward to set up the cocaine purchase. The undercover agent went to Carroll's residence and observed Currington and Woodward inside. The undercover agent then gave Carroll money to purchase the cocaine. Carroll, in turn, handed the money to Currington and he and Woodward then left Carroll's residence in Currington's vehicle. Surveillance units followed Currington and Woodward as they met with their cocaine source and as they made a delivery to the defendant. The

defendant was stopped and identified. The defendant consented to a search of his vehicle and investigators found approximately ½ ounce of cocaine inside his vehicle. The defendant was arrested. The defendant was advised of his Miranda rights and admitted to investigators that the cocaine in his vehicle belonged to him. Usual proper chain of custody submitted to DEA lab who determined that it was 12.7 grams of cocaine.

**PROPOSED FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to the lesser included offenses of Counts One and Thirteen of the Superseding Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that this court accept the defendant's plea of guilty to the lesser included offenses of Counts One and Thirteen of the Superseding Indictment and adjudge him guilty of that offenses. The undersigned further

DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after that report has been submitted to the Court. A sentencing hearing hereby is scheduled for August 10, 2005 at 11:00 a.m. before the presiding District Judge in Harrisonburg.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

5/10/05
Date